AMERICAN SERVICE INSURANCE COMPANY, Plaintiff-Appellant, v. LESLAW OLSZEWSKI, Defendant-Appellee.

First District (1st Division) No. 1—01—0515

Opinion filed August 20, 2001.

Newman & Pelafas, of Chicago (James P. Newman and Shari S. Shelmadine, of counsel), for appellant.

Edward L. Stepnowski, of Oak Park, for appellee.

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Plaintiff, American Service Insurance Company, appeals the trial court's finding that it owed defendant, Leslaw Olszewski, a duty to defend and to indemnify him in two lawsuits. On December 31, 1997, defendant was involved in a motor vehicle accident. Defendant had purchased motor vehicle insurance from plaintiff and sought coverage under that policy. Plaintiff responded that the policy had lapsed, without renewal, prior to the accident. Plaintiff denied coverage and brought this declaratory action. Following a bench trial, the trial court found that defendant had renewed the insurance policy prior to the accident and that plaintiff's agent had received notice of this renewal. On appeal, plaintiff argues that the trial court erred in: (1) allowing defendant to call a witness that he had not disclosed; (2) finding an agency relationship between plaintiff and an insurance producer or broker with which plaintiff did business; (3) asking the attorneys questions during closing argument; and (4) denying plaintiff's post-trial motion. We reverse and remand.

## I. BACKGROUND

Defendant purchased motor vehicle insurance with plaintiff through an insurance broker. The insurance broker, Midwest Competent & Insurance Agency, Inc. (Midwest), placed defendant with an insurance producer, M.E. Pritikin, that directly dealt with plaintiff. Erica Cwan, a senior litigation specialist for plaintiff, testified that in 1997, M.E. Pritikin was an independent producer that solicited business for defendant. According to Cwan, an insurance policy becomes effective or "bound" on the date and time that plaintiff receives the policy from M.E. Pritikin. Cwan testified that in June 1997, defendant purchased a six-month insurance policy that expired on December 8, 1997. Defendant paid his premiums to Midwest, which, in turn, paid M.E. Pritikin. Plaintiff then received the premium from M.E. Pritikin. Cwan testified that M.E. Pritikin was its "producer" and that Midwest was defendant's agent. Cwan testified that plaintiff did not receive notice that defendant intended to renew his insurance until January 5, 1998, when plaintiff received a fax notice from Pritikin of a renewal. Therefore, plaintiff argues that defendant's policy was not in effect between December 8, 1997, the date defendant's insurance policy expired, and January 5, 1998. When plaintiff received notice that defendant was involved in a motor vehicle accident on December 31,

1997, plaintiff determined that defendant was not insured at the time of the accident because of defendant's failure to renew the policy until January 5, 1998.

Defendant testified that, through Midwest, he first purchased insurance with plaintiff in June 1996. He then renewed the policy every six months, including December 1997. Each time defendant renewed the policy, he paid Midwest a down payment and then made three installment payments to Midwest to satisfy the premium. Midwest provided him with insurance cards. After the accident on December 31, 1997, defendant went to Midwest's office the following Monday and informed it that he had been in an accident.

Defendant additionally called as a witness Robert Mikolajczyk, who worked for Midwest as an insurance broker. Plaintiff moved to bar this witness, citing defendant's failure to disclose this witness in his answer to Rule 213 interrogatories. 177 Ill. 2d R. 213. Denying this motion, the trial court noted that Mikolajczyk would only testify to facts and that, because of the nature of the case, plaintiff could not claim any surprise.

Mikolajczyk testified that on June 7 or 8, 1997, he met with defendant and that defendant renewed his motor vehicle insurance with plaintiff for an additional six months. Mikolajczyk received the premium payments from plaintiff, forwarded this money to M.E. Pritikin, and issued defendant an insurance card. Mikolajczyk met with defendant again in December 1997 for the purpose of another six-month renewal. Plaintiff made a down payment and Mikolajczyk issued him another insurance card. Mikolajczyk sent the payment to M.E. Pritikin and faxed notice of renewal to M.E. Pritikin on December 6, 1997. Defendant eventually paid the entire premium for the insurance and Mikolajczyk sent this money to M.E. Pritikin. When defendant reported the motor vehicle accident in January 1998, Mikolajczyk notified both M.E. Pritikin and plaintiff of the claim. Mikolajczyk testified that he "usually" helps his customers with "setting up the claims" and "filling out the policy parts." With respect to defendant's claim, the owner of M.E. Pritikin told Mikolajczyk that M.E. Pritikin would handle the claim. At the time of the trial in 2000, Mikolajczyk testified that defendant continued to be insured with plaintiff.

The trial court found significant the December 6, 1997, fax from Midwest to M.E. Pritikin, notifying it of a renewal. The court believed that this fax was "sufficient to bind and estop the carrier from denying renewal." The court determined that, as a matter of law, the insurance policy was in effect on the date of the accident and entered judgment in favor of the defendant. Following trial, a different judge

was assigned to this case and denied plaintiff's posttrial motion. This appeal followed.

●1 Defendant initially requests that we dismiss the appeal because plaintiff's brief contains an incomplete statement of facts. Supreme Court Rule 341(e)(6) requires the appellant's brief to include a statement of facts, which should recite "the facts necessary to an understanding of the case." 177 Ill. 2d R. 341(e)(6). Here, plaintiff's statement of facts mainly focuses on the procedural history of the case, *i.e.*, when the lawsuit was filed, the proceedings before the trial court, and the positions of the parties during the lawsuit. In articulating the parties' contentions, plaintiff's statement of facts identifies the relevant and necessary facts that underlie the insurance coverage dispute. We therefore find compliance with Rule 341(e)(6) and deny defendant's request to dismiss the appeal.

## II. RULE 213(f) VIOLATION

●2 We now turn to plaintiff's argument that defendant violated the disclosure requirements of Supreme Court Rule 213. 177 Ill. 2d R. 213(f). Subsections (f) and (i) of Supreme Court Rule 213 provide as follows:

> "(f) Identity and Testimony of Witnesses. Upon written interrogatory, a party *must* furnish the identity and location of witnesses who will testify at trial, together with the subject of their testimony.
>
> * * *
>
> (i) Duty to Supplement. A party has a duty to seasonably supplement or amend any prior answer or response whenever new or additional information subsequently becomes known to that party." (Emphasis added.) 177 Ill. 2d Rs. 213(f), (i).

●3 The goal of the discovery process in Illinois is full disclosure. *Buehler v. Whalen*, 70 Ill. 2d 51, 67 (1977). Supreme court rules on discovery are mandatary, and both counsel and courts must follow these rules of procedure. *See f v. Ingalls Memorial Hospital*, 311 Ill. App. 3d 7, 21 (1999). "Discovery is not a tactical game; rather, it is intended to be a mechanism for the ascertainment of truth, for the purpose of promoting either a fair settlement or a fair trial." *Boland v. Kawasaki Motors Manufacturing Corp., USA*, 309 Ill. App. 3d 645, 651 (2000). Courts, therefore, should not allow parties to avoid the plain language of Rule 213 because such conduct defeats the purpose of the rule and encourages tactical gamesmanship. *Department of Transportation v. Crull*, 294 Ill. App. 3d 531, 537 (1998). Moreover, the committee comments to Rule 213(f) state that this paragraph *requires* "a party to serve the identity and location of witnesses who will testify at trial, together with the subject of their testimony." 177 Ill. 2d R. 213(f), Committee Comments. The trial court's ruling regard-

ing Rule 213 will not be reversed absent an abuse of discretion. *Crull*, 294 Ill. App. 3d at 537.

In this case, defendant's answer to plaintiff's Rule 213 interrogatories identified *no* testifying witnesses. Plaintiff's Rule 213(f) interrogatory requested the following: "Pursuant to Supreme Court Rule 213(f), please identify the name, current address and current phone number of each and every witness who will testify at trial on these parties' behalf and the subject of each individual's testimony." Defendant in response to plaintiff's Rule 213(f) interrogatory indicated "None at this time." That answer did not disclose Robert Mikolajczyk as a witness, identify his location or provide the subject matter of his testimony. Therefore, when defendant sought to call Mikolajczyk as a witness, he was in violation of the plain language of Rule 213(f). Defendant failed to identify Mikolajczyk as a witness he planned to call to testify at trial as required by Rule 213(f).

The trial court, however, determined that no Rule 213(f) violation occurred because this witness offered no "opinions" and plaintiff could not claim surprise. By referring to opinion testimony, the trial court seemed to be addressing Rule 213(g), which requires the disclosure of opinion witnesses, their conclusions, the bases for their conclusions, and their qualifications. 177 Ill. 2d R. 213(g). But while Rule 213(g) limits its disclosure requirements to witnesses who will offer any opinion testimony at trial, Rule 213(f) has no such limitations. Rule 213(f) mandates that a party disclose the identity of witnesses the party plans to have testify at trial regardless of whether the witnesses will offer an opinion. 177 Ill. 2d R. 213(f). Rule 213(f) also mandates that a party disclose the subject of the witness testimony. Rule 213(f) requires that, "Upon written interrogatory, a party must furnish the identity and location of witnesses who will testify at trial, together with the subject of their testimony." 177 Ill. 2d R. 213(f). Moreover, litigants and their attorneys are required to update that information. Supreme Court Rule 213(i), which imposes upon litigants and their attorneys the duty to supplement, provides that, "A party has a duty to seasonably supplement or amend any prior answer or response whenever new or additional information subsequently becomes known to that party." 177 Ill. 2d R. 213(i). In this case, defendant's failure to disclose any witnesses in his answer to Rule 213 interrogatories informed plaintiff's counsel and the trial court that he did not intend to call any witnesses at trial.

•4 Litigants have a right to rely, not only on the plain language of discovery rules, but also on the fact that courts will enforce that language. Supreme Court Rule 201(a) (166 Ill. 2d R. 201(a)) and its related discovery provisions "form a comprehensive scheme for fair and

efficient discovery with judicial oversight to protect litigants from harassment." *Kunkel v. Walton*, 179 Ill. 2d 519, 531 (1997). To that end, a party should be allowed to rely on an opposing party's answer to Rule 213(f) interrogatories and expect that only those witnesses disclosed pursuant to Rule 213(f) will in fact be called to testify at trial regarding the subject disclosed. Rule 213 is intended to provide litigants with a degree of certainty and predictability in the trial process and prevent trial by "ambush." *Copeland v. Stebco Products Corp.*, 316 Ill. App. 3d 932, 946 (2000).

●5 A critical issue in this case was whether the insurance policy was in effect on the date of the accident. Mikolajczyk provided essential information regarding that issue. In this case, plaintiff may have known that Mikolajczyk, a Midwest employee, had knowledge about whether defendant sought to renew his insurance in December 1997. However, when defendant did not disclose this witness in his answer to the Rule 213(f) interrogatories, plaintiff had every right to believe that Mikolajczyk would not be called as a witness.

The trial court knew that Mikolajczyk had not been disclosed and recognized defendant's failure to comply with Rule 213. However, the witness was allowed to testify because the trial court concluded "He's not a surprise." Based on the mandatory requirements of Supreme Court Rule 213(f), we reject defendant's argument that the burden of disclosing a lay witness is not justified as such witness is not likely to cause unfair surprise. Such disclosure requirements are not a burden, but a mechanism to promote a fair trial process. Moreover, disclosure is mandatory. A party is required under Supreme Court Rule 213(f) to name and identify trial witnesses "together with the subject of their testimony." 177 Ill. 2d R. 213(f). The rule is not limited to requiring witness disclosure only of those witnesses who may cause unfair surprise.

Here, based on defendant's answer to plaintiff's interrogatories, plaintiff prepared its case not knowing Mikolajczyk was to be called as a witness. Failure to disclose this witness gave plaintiff no opportunity to schedule a discovery deposition. Failure to disclose this witness gave plaintiff no opportunity to prepare for cross-examination prior to trial and no opportunity to arrange for a rebuttal witness. Moreover, when defendant called Mikolajczyk as a witness during trial the trial court did not give plaintiff any additional time to prepare. Mikolajczyk provided essential information regarding the main issue in the case as to whether the insurance policy was in effect on the date of the accident. Defendant's failure to disclose this critical witness substantially prejudiced plaintiff and denied plaintiff a fair trial. We therefore find the trial court abused its discretion in finding no violation of Rule 213(f). The prejudicial effect of this ruling warrants a new trial.

## III. CONCLUSION

Having found that plaintiff is entitled to a new trial, we need not address the other issues that plaintiff raises. For the reasons previously discussed, we reverse the trial court's judgment and remand for a new trial.

Reversed and remanded for a new trial.

McNULTY, P.J., and COHEN, J., concur.